THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

P-SEND
Ent.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **SA CV 07-106-VBF(JTLx)** | Dated: **April 10, 2007** |

Title:   Apollo Enterprise Solutions, LLC -v- Debt Resolve, Inc.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                              None Present

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER THE CASE [fld 3/1/07]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for April 16, 2007 at 1:30 p.m. is hereby vacated and the matters taken off calendar. Having received and read Defendant's Motion, Plaintiff's Opposition, Defendant's Reply and all the declarations and exhibits supporting these papers, the Court **GRANTS** Defendant's Motion to Stay the Case under the first-to-file doctrine, because an action was previously filed, and is still pending, in the District of New Jersey involving the same parties and issues. Defendant's alternative Motions to Dismiss or Transfer the Case are **DENIED**. Plaintiff's Motion to Disqualify Defense Counsel Greenberg Traurig [fld 3/23/07] is **STAYED** along with the rest of the case.

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk

## HISTORY

On January 8, 2007, the defendant in this case, Debt Resolve, Inc., ("Debt Resolve") filed a complaint in the U.S. District Court for the District of New Jersey against the plaintiff in this case, Apollo Enterprise Solutions, LLC ("Apollo"). The complaint alleged patent infringement with respect to two of Debt Resolve's patents (the "Patents") and asked for injunctive relief and damages. In that case, Apollo has disputed whether the court in New Jersey has personal jurisdiction over Apollo.

Twenty-one days later, on January 29, 2007, Apollo filed suit in this District against Debt Resolve, asking for a declaratory judgment that the Patents are invalid and that Plaintiff has not infringed the Patents. Defendant filed a Motion to Dismiss, Transfer, or Stay the Case on March 1, 2007. On March 21, 2007, Plaintiff moved to disqualify Defense Counsel Greenberg Traurig on grounds of a conflict of interest.

## DISCUSSION

"Where two actions involving overlapping issues and parties are pending in two federal courts, 'there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.'"[1] Debt Resolve's New Jersey complaint was filed twenty-one days before Apollo's complaint in this District. Moreover, the issues in the two cases are identical: (1) the validity of the Patents, and (2) whether Apollo has infringed the Patents.[2] Apollo's Complaint alleges that the patents that are the subject of the New Jersey case are the same as the patents at issue in this case.[3]

The case in New Jersey is ongoing; the District Court there has issued an Order to Show Cause why the case should not be transferred to the Southern District of New York (where Debt Resolve has its principal place of business), the District of Delaware (where both companies are

---

[1] Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 2:1329.14 (The Rutter Group 2006)(quoting *Manuel v. Convergys Corp*, 430 F.3d 1132, 1135 (11th Cir. 2005).

[2] Defendant's Motion to Dismiss, Transfer, or Stay the Case 4.

[3] Plaintiff's Complaint, 1-3.

incorporated), or this District (where Apollo has its principal place of business.)[4] A check of the New Jersey federal court's docket on April 10th showed that the case was still active and that the Court had not yet decided the transfer question.

In its opposition, Apollo cites *Alltrade, Inc. v. Uniweld Products, Inc.* for the proposition that the first-to-file rule is discretionary and should not be applied mechanically.[5] 946 F.2d 622 (9th Cir. 1991). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith; anticipatory suit, and forum shopping... The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Id.* at 628 (citations omitted).

Apollo has briefed this Court on its arguments that the U.S. District Court for the District of New Jersey lacks personal jurisdiction over Apollo and is not the proper venue. Apollo's arguments are not frivolous; the New Jersey court raised *sua sponte* the question whether the case should be transferred, and is still considering the question. Moreover, Debt Resolve's having filed suit in New Jersey, where neither party has headquarters or its principal place of business raises the question of whether its choice of venue is appropriate. As a result, this Court exercises its discretion to **DECLINE** Debt Resolve's motion to dismiss the case.

However, it would be inappropriate to continue simultaneous litigation while the District Court in New Jersey wrestles with these questions of jurisdiction and proper venue in a case with identical parties and issues. As a result, this Court **GRANTS** Debt Resolve's motion to **STAY THE CASE** pending the decisions by the U.S. District Court for the District of New Jersey on the questions of jurisdiction and proper venue. The Court sets a **Non-Appearance Status Conference for July 23, 2007 at 1:30** when the parties will inform the Court of the status of this litigation in any other courts. The Court will then decide whether this case should be stayed further or dismissed. The stay is without prejudice; should subsequent circumstances warrant lifting the stay the parties are free to make such a request.

Plaintiff's Motion to Disqualify Defense Counsel Greenberg Traurig is **STAYED** along with the rest of this case.

---

[4] Defendant's Exhibit 2 is a copy of the OSC.

[5] Plaintiff's Opposition 4.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk __rs__